## BROWN *a.* THE SAFEGUARD INSURANCE COMPANY OF NEW YORK AND PENNSYLVANIA.

*Supreme Court, First District; Special Term, November,* 1858.

COSTS.*—RIGHT TO ALLOWANCE.—ATTACHMENT.

In an action in which a warrant of attachment had been issued, the parties agreed before the cause was at issue upon a settlement, by the terms of which the plaintiffs were to discontinue on payment to their attorneys, of the costs.

*Held,* that the costs to be paid included a full allowance, under sections 308 and 309 of the Code.

Application for an adjustment of costs upon a discontinuance.

The defendant was a foreign corporation, and a warrant of attachment against its property was issued, under which the sheriff levied upon upwards of $9000 in money in the hands of the defendant's agent. Before the time to answer expired, the suit was settled by the parties, and it was agreed that the attachment should be discharged, and an order of discontinuance entered upon payment of the costs by the defendants. The

---

* CONSIDERANT *a.* BRISBANE.—*New York Superior Court; Special Term, March,* 1858.—The general term reversed an order overruling a demurrer to the *amended* complaint, and gave judgment for plaintiff, with liberty to plaintiff to amend on paying costs of the demurrer at special term, to be taxed, and $10 costs of appeal. The clerk, in taxing costs, allowed $10 costs of proceedings *after notice of* and *before trial,* and disallowed a charge of $10 for proceedings *before notice* of trial, because the same item had been taxed and paid on sustaining a demurrer to the *original* complaint. Defendant appeals from the disallowance of the item last named, and the plaintiff from the allowance of that first named.

BOSWORTH, J.—For the labor of examining the *amended* complaint, determining the nature of the answering pleading required, drawing, copying, and serving it, and other proceedings before notice of trial, it is as just to allow $10 as for performing similar services in relation to the *original* complaint. The allowance of it is not paying for the same services twice ; the services are as truly separate and different as if performed in different actions. For like reasons, the item of $10 for proceedings subsequent to notice of and before trial was properly allowed. As to this item, the taxation is confirmed, and the item of $10 for proceedings before notice of trial must also be allowed. The rejection of it was erroneous.

latter thereupon tendered to the plaintiff's attorneys the amount of their disbursements, and $10 for proceedings before notice of trial; but they claimed $60 extra allowance, and refused to discharge the attachment. The defendants then applied to the court to adjust the costs, and for an order of discontinuance.

*S. B. Cushing*, for the defendants.

*Choate & Barnes*, for the plaintiff.

Davies, J.—The court will not allow the parties to discontinue the action without first paying to the plaintiff's attorneys all costs which they have fairly earned at the present stage of the proceedings. Sections 308 and 309 of the Code provide, that in an action where a warrant of attachment has been issued, there shall be allowed to the plaintiff, upon the recovery of judgment by him, a certain percentage upon the value of the property claimed or attached. The amount claimed and the amount attached in this case are so large as to leave no question that an allowance of $60 is due, if any, that being the largest sum that can be claimed under section 308. The extra allowance in these cases can only have been intended as a compensation for the extra trouble and responsibility involved in issuing the attachment and directing the levy under it; for there are no subsequent proceedings before judgment which make attachment suits to differ from others. Here, then, the attorneys having rendered the whole service contemplated in section 308, are clearly entitled to the whole compensation which that section provides.

Although the language of the Code makes the payment of any allowance to the plaintiff contingent "upon the recovery of judgment by him," yet it is to be observed that section 304 makes the $10 costs allowed for proceedings before notice of trial contingent upon the same event. Here the one item has been earned just as fully and fairly as the other.

The case of Brace a. Beatty (5 *Abbotts' Pr. R.*, 221) recognizes the right of the plaintiff's attorneys to this allowance, and we believe that the general practice in this district supports it.*

* That case has since been reversed. Reported *post.* See also Pratt a. Conkey (15 *How. Pr. R.*, 27; S. C., 6 *Ante*, 482).

Let the attachment be discharged, and an order of discontinuance entered, upon the payment by the defendants of seventy dollars costs and the disbursements.